# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

v.                        Case No. 20-CR-30

ANDROS MARTINEZ-PELLOT, et al.,

          Defendants.

## ORDERS AND RECOMMENDATION

Twenty-six defendants have been charged in this action with various offenses related to an alleged conspiracy to distribute controlled substances. Three of those defendants have filed pretrial motions that are pending before this court.

### 1. Andros Martinez-Pellot

Andros Martinez-Pellot asks the court to compel the government to disclose not less than 30 days before trial "cooperating witnesses that will be called by the government at trial and any other confidential informants (CI) not presently known to Martinez-Pellot that may have acted as transactional witnesses." (ECF No. 569.)

The government acknowledges that "CS-3" is a transactional witness and agrees to disclose CS-3's identity at least 30 days prior to trial. (ECF No. 591 at 13.) Therefore,

the court need not discuss CS-3 further. The government shall disclose CS-3's identity not less than 30 days before trial.

As regards CS-2 and CI#MCI-1151, Martinez-Pellot points to an affidavit submitted in support of a search warrant wherein either or both made statements that Martinez-Pellot sold cocaine and had a firearm in his possession. Further, "CS-2 had a relationship with one of the co-defendant's who purportedly supplied cocaine to Martinez-Pellot." (ECF No. 569 at 5.) The government contends that Martinez-Pellot "has not made the necessary showings with respect to either CS-2 or 'C1#MC1-1151.'" (ECF No. 591 at 14.) Martinez-Pellot did not reply.

The government has a limited and automatic privilege to withhold the identities of confidential informants. *United States v. Harris*, 531 F.3d 507, 514 (7th Cir. 2008). In assessing whether the privilege must yield, the informant's role is important:

> When the confidential informant is a mere "tipster"—someone whose only role was to provide the police with the relevant information that served as the foundation for obtaining a search warrant—rather than a "transactional witness" who participated in the crime charged against the defendant or witnessed the event in question, disclosure will not be required.

*Id.* at 515.

Martinez-Pellot has failed to show that either CS-2 or C1#MC1-1151 were transactional witnesses or that the government's privilege must otherwise yield. Therefore, the court will deny Martinez-Pellot's motion with respect to CS-2 and C1#MC1-1151. Having said that, if the government intends to call either CS-2 or

C1#MC1-1151 in its case in chief at trial, it must disclose the identity of the informant not less than 30 days before trial.

2. **Yadier Rosario**

   2.1.    **Motion to Dismiss**

Yadier Rosario seeks to dismiss Count 34 of the indictment, which charges him with possessing a firearm in furtherance of a drug trafficking offense in violation of Title 18, United States Code, Section 924(c)(1)(A). (ECF No. 572.) He argues that the evidence is insufficient to establish a nexus between the firearm that was recovered from his residence and any alleged drug trafficking, thus failing to satisfy the "in furtherance" element of a § 924(c)(1)(A) charge. The government responds that "Rosario's challenge is premised entirely on a factual dispute, and therefore must be resolved at trial." (ECF No. 591 at 10.)

The government is correct. "Challenging an indictment is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence." *United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009) (quoting *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006)).

> To be sufficient, an indictment must fulfill three distinct functions. First, the indictment must state all of the elements of the crime charged; second, it must adequately apprise the defendant of the nature of the charges so that he may prepare a defense; and third, it must allow the defendant to plead the judgment as a bar to any future prosecutions for the same offense.

*United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000) (citing Fed. R. Crim. P. 7(c)(1); *United States v. Torres*, 191 F.3d 799, 805 (7th Cir. 1999)).

Count 34 of the indictment clears this low bar (and Rosario does not argue otherwise). Whether the government will be able to muster evidence at trial sufficient to prove beyond a reasonable doubt that Rosario possessed a firearm in furtherance of a drug trafficking offense is not a matter the court can address at this stage. Therefore, the court will recommend that Rosario's motion to dismiss Count 34 be denied.

### 2.2. Misjoinder and Severance

Rosario also "moves to sever Count 1, the Conspiracy to Distribute Cocaine, a Schedule II controlled substance, from the remaining two counts - Counts 33, Possession of a Controlled Substance with Intent to Distribute, and Count 34, Possession of a Firearm in Furtherance of Drug Trafficking." (ECF No. 573.)

In his motion, Rosario conflates the distinct principles of joinder (embodied in Rule 8) and severance (embodied in Rule 14). He does not explicitly argue that Count 1 was misjoined with Counts 33 and 34 but he does cite Rule 8. Rosario expressly argues misjoinder in reply (ECF No. 599 at 1-3), but arguments raised for the first time in reply are not properly before the court, *Nationwide Ins. Co. v. Cent. Laborers' Pension Fund*, 704 F.3d 522, 527 (7th Cir. 2013).

Nonetheless, insofar as Rosario is arguing that the counts were misjoined, the court will assess joinder under Rule 8:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a). The Rule is interpreted broadly to "allow liberal joinder in order to enhance judicial efficiency." *United States v. Berg*, 714 F.3d 490, 494-95 (7th Cir. 2013) (quoting *United States v. Nettles*, 476 F.3d 508, 516 (7th Cir. 2007)).

Rosario asserts: "According to the Indictment, Count 1 spans a time-period between August 2019 to November 2019, based on the allegations contained in the Criminal Complaint. On the other hand, Counts 33 and 34 stem solely from the execution of a search warrant of the defendant's residence on January 15, 2020." (ECF No. 573 at 1.) Moreover, he notes that Count 33 relates to the possession of marijuana and cocaine base whereas Count 1 relates to cocaine. And the quantities of the drugs found that form the basis for Count 33 could be associated with personal use. (ECF No. 573 at 2-3.) In Rosario's view:

> Conspiring with others to distribute large quantities of cocaine is not similar to small amounts of possession, scattered throughout the defendant's residence, which are consistent with personal use quantities. Also of note is the gap in time between the evidence for Count 1, which is between August to November 2019, and two months passing to the execution of the search warrant at Rosario's residence.

(ECF No. 573 at 3.)

Rosario is either factually mistaken or misunderstands the relationship between the allegations in the criminal complaint and the indictment. The indictment alleges a

conspiracy spanning from September 2018 to January 15, 2020. (ECF No. 151 at 2.) The allegations in the criminal complaint do not circumscribe the allegations in the indictment. In any event, Rosario's reliance on the criminal complaint (or discovery of any sort) is misplaced; the propriety of joinder is assessed solely from the face of the indictment. *Berg*, 714 F.3d at 495; *see also United States v. Anderson*, No. 14-CR-186, 2015 U.S. Dist. LEXIS 56019, at *2 (E.D. Wis. Apr. 29, 2015).

Under Rule 8(a), "[t]he 'same or similar character' requirement is a 'clear directive to compare the offenses charged for categorical, not evidentiary, similarities.'" *Berg*, 714 F.3d at 495 (quoting *United States v. Alexander*, 135 F.3d 470, 476 (7th Cir. 1998); citing *United States v. Jackson*, 208 F.3d 633, 638 (7th Cir. 2000)). Thus, "Rule 8(a) does not require that joined offenses be 'temporally or evidentially related'; all it requires is that they be 'of like class.'" *Berg*, 714 F.3d at 495 (quoting *Alexander*, 135 F.3d at 476).

Count 1 is obviously of a "similar character" as Counts 33 and 34 in that they all relate to drug dealing. *See Berg*, 714 F.3d at 495 (rejecting defendant's argument that counts were mis-joined because "his two sets of offenses were not of a similar character because (1) they involved different types of drugs; (2) they happened too far apart in time; (3) they involved some non-overlapping evidence; and, (4) one set of offenses involved firearms and the other did not") (citing, in part, *United States v. Windom*, 19 F.3d 1190, 1196 (7th Cir. 1994)). Therefore, any assertion that Count 1 is misjoined with Counts 33 and 34 is without merit.

However, even if properly joined under Rule 8(a), it may be appropriate to sever counts if a joint trial would prejudice the defendant. Fed. R. Crim. P. 14(a). Severance is not appropriate merely because a defendant may have a better chance of acquittal if the charges were tried separately. *United States v. Stokes*, 211 F.3d 1039, 1042 (7th Cir. 2000); *see also Zafiro v. United States*, 506 U.S. 534, 540, 113 S. Ct. 933, 938 (1993) (same conclusion with respect to joinder under Rule 8(b)). Rather, the defendant has a "heavy burden" to show that he would be unable to obtain a fair trial absent severance. *United States v. White*, 737 F.3d 1121, 1133 (7th Cir. 2013); *Stokes*, 211 F.3d at 1042.

Rosario has fallen far short of sustaining his burden. Although he notes that joinder may be prejudicial if a defendant wishes to testify as to one count but not another (ECF No. 573 at 3 (citing *United States v. Archer*, 843 F.2d 1019 (7th Cir. 1988)), he does not develop this argument much less assert that it is true in his case—that is, that he wishes to testify as to one count but not the others. "[T]he 'need for severance does not arise 'until the defendant makes a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other.'" *Nettles*, 476 F.3d at 516-17 (quoting *Archer*, 843 F.2d at 1022).

Rosario notes the common concern regarding the "spill-over effect" of evidence relating to one count affecting the jury's assessment of another count. But, again, he does little to develop the argument or suggest how this concern applies in his case. (ECF No. 573 at 3-4.) He asserts only "that if the factfinder hears about evidence that the

defendant was involved in a Conspiracy to distribute cocaine, it will reach the conclusion, despite evaluating the facts, that the defendant was possessing the marijuana and cocaine with the intent to distribute, regardless of the small quantities associated." (ECF No. 573 at 3-4.)

These bald allegations are insufficient to show prejudice. The evidence that forms the basis for Counts 33 and 34 likely would be admissible in a trial on Count 1. But even if there was reason to believe that Rosario may be prejudiced, other measures short of severance, such as the standard jury instruction that jurors are to consider each count individually, are sufficient to address any concern. *See United States v. Quilling*, 261 F.3d 707, 715 (7th Cir. 2001). Therefore, the court will deny Rosario's motion to sever Count 1 from Counts 33 and 34.

3. **Enid Martinez**

Enid Martinez filed a motion under seal (and *ex parte*) regarding severance. She acknowledges that the motion need not be resolved now and may become moot depending on which defendants proceed to trial. But because it reveals matters of defense strategy, she asks that she not be required to disclose the motion to the government at this time. In effect, she asks to be able to reserve the issue and raise it should it prove necessary.

8
Case 2:20-cr-00030-JPS   Filed 09/08/21   Page 8 of 11   Document 601

The court agrees that the motion is not ripe for resolution and disclosure at this time stands to needlessly compromise Martinez's defense strategy. Therefore, the court will grant Martinez's motion to seal her motion and her memorandum in support.

However, leaving a motion sealed and pending on the docket poses administrative difficulties for the court. Therefore, the more prudent path is to dismiss Martinez's motion without prejudice and permit her to refile it should circumstances necessitate it.

Unless otherwise ordered by Judge Stadtmueller, Martinez shall refile any motion for severance no less than seven days after the court issues an order setting the date of Martinez's trial. To avoid disruptions to the court's schedule it may be necessary for Martinez to raise the issue earlier, and counsel should take care to timely refile the motion.

### 4. Conclusion

For the reasons set forth above,

**IT IS THEREFORE ORDERED** that Andros Martinez-Pellot's motion to compel (ECF No. 569) is **granted in part**. The government shall disclose to Martinez-Pellot the identity of CS-3 not less than 30 days before trial. If it intends to call either CS-2 or C1#MC1-1151 in its case in chief at trial, the government shall disclose the informant's identity not less than 30 days before trial. In all other respects Andros Martinez-Pellot's motion is denied.

**IT IS FURTHER RECOMMENDED** that Yadier Rosario's motion to dismiss Count 34 (ECF No. 572) be **denied**.

**IT IS FURTHER ORDERED** that Yadier Rosario's motion to sever Count 1 and Counts 33 and 34 (ECF No. 573) is **denied**.

**IT IS FURTHER ORDERED** that Enid Martinez's motion to seal (ECF No. 555) is **granted** and the documents filed as ECF Nos. 556 and 557 are sealed until further order of the court.

**IT IS FURTHER ORDERED** that Enid Martinez's motion for relief from prejudicial joinder (ECF No. 556) is **dismissed without prejudice**. Unless otherwise ordered by Judge Stadtmueller, Martinez shall refile any motion for severance no less than **seven days** after the court issues an order setting the date of Martinez's trial. To avoid disruptions to the court's schedule it may be necessary for Martinez to raise the issue earlier, and counsel should take care to timely refile the motion.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Crim. P. 59(b)(2), whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation or prior to the Final Pretrial Conference, whichever is earlier. Failure to file a timely objection with the

district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 8th day of September, 2021.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge